IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FEDERICO RAMSEY,

                Plaintiff,

     v.                                   CASE NO. 18-3224-SAC

KANSAS CITY, KANSAS, POLICE DEPARTMENT,

                Defendant.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in federal custody, proceeds pro se and in forma pauperis.

**Nature of the Complaint**

Plaintiff sues the Kansas City, Kansas, Police Department alleging that he was "wrongfully accused, illegally detained, wrongfully convicted, illegally sentenced and imprisoned through the malicious and sadistic prosecutorial use of fraudulent and false identity created by the and through the defendant…." (Doc. 1, p. 6). He seeks monetary damages.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a

party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted).

Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

After examining the complaint under these standards, the Court finds that the complaint is subject to summary dismissal, without prejudice to refiling, under the holding of *Heck v. Humphrey,* 512 U.S. 477 (1994).

First, the sole defendant named in this matter is the Kansas City, Kansas, Police Department. However, a police department is not a suable entity under § 1983, because it has no legal identity apart from the city. *See, e.g., Ketchum v. Albuquerque Police Dep't.*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)(holding that the City of Denver Police Department is not a suable entity). To proceed under § 1983, plaintiff must identify individual defendants.

Next, under *Heck v. Humphrey*, when a prisoner's claims in a civil rights action would impugn the validity of the plaintiff's underlying conviction, the action cannot maintained unless the conviction has been reversed or otherwise invalidated. *Heck*, 512 U.S. at 486-87.

The *Heck* rationale is "to prevent litigants from using a § 1983 action with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 Fed. Appx. 195, 198 (10th Cir. 2011)(quoting *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007)).

Here, plaintiff's claims allege a direct correlation between the defendant's actions and his conviction, sentencing, and incarceration. Because the claims, if proven, would undermine the validity of plaintiff's conviction, the Court will direct him to show cause why this matter should not be dismissed without prejudice under *Heck*.

Plaintiff also moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues,

and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

Because the Court has found that plaintiff's claims for relief are premature under the *Heck* doctrine, plaintiff's request for counsel is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **August 9, 2019,** plaintiff shall show cause why this matter should not be dismissed without prejudice for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 4) is denied.

**IT IS SO ORDERED.**

DATED: This 9th day of July, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge